UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19CR 292 (VAB) |
| v. | VIOLATION:<br>18 U.S.C. § 1343 (Wire Fraud) |
| LESTER BURROUGHS | |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Wire Fraud)

Unless otherwise indicated, at all times relevant to this Information:

1. Defendant LESTER BURROUGHS ("BURROUGHS"), was a resident of Torrington, Connecticut.

2. BURROUGHS was the owner of Burroughs Investment Group, a full-service financial consulting firm based in Torrington, Connecticut. BURROUGHS was also a registered securities broker and investment adviser representative.

3. Individuals with initials J.P., K.M., A.M., and S.K., whose identities are known to the United States Attorney, were investment clients of BURROUGHS.

The Scheme and Artifice to Defraud

4. Beginning in at least 2012, and continuing through 2019, BURROUGHS devised and executed a scheme to defraud his investment clients and to obtain money and property from those clients by means of materially false and fraudulent pretenses, representations, and promises, by misrepresenting to his clients that he intended to use, and did use, their funds for legitimate investments on their behalf, when in fact BURROUGHS used his clients' money for his own purposes and to pay returns to other clients.

Manner and Means

It was part of the scheme and artifice to defraud that BURROUGHS took, among others, the following steps in the District of Connecticut and elsewhere.

5. Beginning in at least 2012, BURROUGHS began misappropriating money from J.P. BURROUGHS misrepresented to J.P. that J.P.'s money would be invested in legitimate guaranteed interest contracts. Instead, BURROUGHS fraudulently used J.P.'s money to pay business expenses and other clients' "guaranteed" investment returns. From 2012 through 2018, BURROUGHS misappropriated at least $370,000 of J.P.'s money, including the funds as detailed in paragraph 6.

6. In furtherance of his scheme to defraud, on or about November 3, 2015, BURROUGHS had J.P. sign a fake application for an AIG Guaranteed Interest Contract ("GIC"). AIG does not sell this type of investment product. Thereafter, BURROUGHS misrepresented to J.P. that he purchased such GICs for J.P. For example:

    a. In or about November 2015, BURROUGHS misrepresented to J.P. that he would and did purchase $60,000 of AIG GICs with J.P.'s money. Instead BURROUGHS misappropriated this money.

    b. On or about March 13, 2017, BURROUGHS misrepresented to J.P. that he would and did purchase $20,000 AIG GICs with J.P.'s money. Instead BURROUGHS misappropriated this money.

7. In or about December 2018, J.P.'s daughter, D.P., requested a full accounting of J.P.'s investments from BURROUGHS. Knowing that he had misappropriated at least $370,000 of J.P.'s assets, BURROUGHS provided D.P. fraudulent documents, which misstated J.P.'s

investments, including a fake AIG statement indicating J.P. had approximately $152,081 invested in a GIC with AIG.

8. In or about December 2018, D.P. demanded that BURROUGHS return J.P.'s money. BURROUGHS fraudulently used other clients' money to repay J.P.

9. In or about June 2017, August 2017, January 2018, and December 2018, BURROUGHS misappropriated money from K.M. BURROUGHS misrepresented to K.M. that he would and did purchase $405,000 worth of GICs using K.M.'s money; however no GICs were purchased. BURROUGHS provided K.M. fake AIG statements to memorialize the sham transactions. BURROUGHS then fraudulently used K.M's money to pay business expenses and other clients' "guaranteed" investment returns, including those of J.P.

10. In or about August 2018, BURROUGHS misappropriated money from A.M. BURROUGHS misrepresented to A.M. that he would and did purchase a $50,000 GIC with A.M.'s money; however no GIC was purchased. BURROUGHS provided A.M. fake AIG statements to memorialize the sham transactions. BURROUGHS then fraudulently used A.M's money to pay business expenses and other clients' "guaranteed" investment returns, including those of J.P.

11. In or about September and November 2018, BURROUGHS misappropriated money from S.K. BURROUGHS misrepresented that he would and did purchase $120,000 worth of GICs with S.K's money; however no GIC was purchased. BURROUGHS provided S.K. fake AIG statements to memorialize the sham transactions. BURROUGHS then fraudulently used S.K's money to pay business expenses and other clients' "guaranteed" investment returns, including those of J.P.

12. In total, BURROUGHS misappropriated $575,000 from K.M., S.K., and A.M.

Interstate Wire

13. In or about December 2018, based on BURROUGHS's misrepresentations that he would purchase a GIC using K.M.'s money, K.M. withdrew approximately $325,000 from an Allianz Life Insurance Company annuity contract that K.M. owned.

14. On or about December 21, 2018, in the District of Connecticut and elsewhere, defendant BURROUGHS, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, that is, BURROUGHS caused the wire transfer of $325,000 from K.M.'s Allianz Life Insurance Company to K.M.'s Webster Bank account, in order that K.M. could then transfer $300,000 of that money to Burroughs Investment Group for the supposed purchase of a GIC.

All in violation of Title 18, United States Code, Section 1343.

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY